UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN LEONARD,

    Plaintiff,

v.                                                             Case No.: 8:07-CV-946-T-24TBM

TARGET,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on the parties' motions in limine (Doc. No. 16, 17) and responses thereto (Doc. No. 21, 22). As explained below, the motions are granted in part and denied in part.

**I. Plaintiff's Motion in Limine**

Plaintiff seeks to exclude four things. First, Plaintiff requests that the Court prohibit Defendant from making any reference to Defendant's examining physician being an independent medical examiner or that he conducted an independent examination. Defendant does not oppose the motion on this issue, and therefore, it is granted.

Second, Plaintiff seeks to exclude evidence of any of his prior litigation for personal injuries, arguing that such is irrelevant. Defendant opposes this part of the motion, arguing that such evidence will be used to show prior personal injury actions in which Plaintiff received a monetary recovery for the same injuries that he is seeking compensation for now. Upon consideration, the Court finds that such evidence is relevant, and as such, Plaintiff's motion on this issue is denied.

Third, Plaintiff seeks to exclude evidence regarding his employment of his attorney.

Specifically, Plaintiff wants to preclude the introduction of evidence that after Plaintiff fell, he went to his car and called an attorney that advised him to go back in and report the incident to a manager. Defendant responds that such evidence is relevant because it goes to Plaintiff's credibility with respect to his contention that he filled out an incident report because he was injured. Upon consideration, the Court agrees with Defendant and denies Plaintiff's motion on this issue.

Fourth, Plaintiff requests that there be no reference made to his motion in limine and the Court's ruling thereon. Defendant agrees to the extent that the Court grants the motion. Upon consideration, the Court grants this motion as to issues one and four described above.

## II.  Defendant's Motion in Limine

Defendant seeks to exclude three things. First, Defendant wants to exclude testimony related to the fact that Larry Spots was terminated from Target and information related to the circumstances surrounding his termination. Plaintiff does not oppose Defendant's motion on this issue, and as such, the motion is granted.

Second, Defendant seeks to exclude testimony related to any comments made by Eric Parker to Plaintiff following the incident and any reactions thereto, arguing that such testimony is irrelevant. Plaintiff responds that such evidence is relevant to the issue of whether there was a sufficient warning. The Court agrees that such testimony is relevant, and as such, the Court denies the motion on this issue.

Third, Defendant seeks to exclude testimony referencing any part of the incident report not already produced to Plaintiff. Plaintiff does not oppose the motion on this issue, and as such, it is granted.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that the parties' motions in limine (Doc. No. 16, 17) are **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record